UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 11 C 10 |
| v. ) | |
| ) | Judge John W. Darrah |
| DOES 1-55 d/b/a the aliases identified on ) | |
| Schedule A and DOES 56-500, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Before the Court is Plaintiff Deckers Outdoor Corporation's *Ex Parte* Application for entry of a Temporary Restraining Order. Decker brings this action against Defendants Does 1-55 d/b/a the aliases identified in Schedule A of Deckers' Application and against Does 56-500 (collectively, "Defendants"). Deckers alleges that Defendants are promoting, advertising, distributing, offering for sale and selling counterfeit products, including counterfeit boots bearing Deckers' UGG® Trademark, through various interactive commercial Internet websites.

## LEGAL STANDARD

A temporary restraining order may be issued upon a showing: "(1) that there is reasonable likelihood that Plaintiffs will succeed on the merits; (2) that Plaintiffs will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) that the balance of the hardships tips in Plaintiff's favor; and (4) that the public interest will not be disserved by the injunction." *Columbia Pictures Industries, Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996). Rule 65(b) of the Federal Rules of Civil Procedure provides that a court may issue a temporary restraining order without notice to the adverse party where the movant

shows that "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

## ANALYSIS

Here, having reviewed the materials presented by movants, the Court finds that the above-mentioned requirements have been met. First, Deckers has shown that it will likely succeed on the merits. Deckers has shown that its UGG Trademark is worthy of protection, that Defendants are not licensed to use the mark and that Defendants' use of the mark causes a likelihood of confusion as to the origin or sponsorship of Deckers' products. *See Neopost Industrie B.V. v. PFE Intern., Inc.*, 403 F. Supp. 2d 669, 684 (N.D. Ill. 2005) (setting out elements of a *prima facie* case for infringement under the Lanham Act). Second, infringement on Deckers' mark causes irreparable harm. Defendants' use of Deckers' mark threatens to irreparably harm Deckers' name and mark and the goodwill associated with it. *See Re/Max North Cent., Inc. v. Cook*, 272 F.3d 424, 432 (7th Cir. 2001) ("damage to a trademark holder's goodwill can constitute irreparable injury for which the trademark owner has no adequate legal remedy"). Third, the balance of hardships tips in Deckers' favor. Defendants who willfully infringe are entitled to little equitable consideration. *Malarkey-Taylor Associates, Inc. v. Cellular Telecommunications Industry Ass'n*, 929 F.Supp. 473, 478 (D.D.C. 1996). Finally, the public interest will not be disserved by an injunction. Enforcement of trademark laws serves the public interest by preventing consumer confusion. *Eli Lilly & Co. v. Natural Answers, Inc.*, 233 F.3d 456, 469 (7th Cir. 2000).

Furthermore, the Court finds that in the absence of a temporary restraining order without notice, Defendants will be able to move any assets from any U.S.-based bank account, including

PayPal Accounts. Thus, a temporary restraining order is justified. Courts addressing similar allegations of internet-based counterfeiting have also issued temporary restraining orders. *See, e.g., Farouk Systems, Inc. v. Eyou Int'l Trading Co., Ltd.*, No. 4:10 CV 2672 (S.D. Tex. Aug. 2, 2010); *The North Face Apparel Corp., et al. v. Fujian Sharing Import & Export Ltd. Co.*, No. 10 CIV 1630 (S.D.N.Y. Mar. 16, 2010).

## CONCLUSION

For the reasons stated above, Deckers' *Ex Parte* Application is granted; and a Temporary Restraining Order without notice shall issue forthwith.

Dated: 2-3-11

JOHN W. DARRAH
United States District Court Judge

3