UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, Plaintiff, v. DOES 1-55 d/b/a the alias identified on Schedule "A" and DOES 56-500, Defendants. | Case No. 11-cv-10 Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Deckers Outdoor Corporation ("Deckers") manufactures UGG footwear products and owns the trademark relating to its footwear ("UGG Trademark"). (Compl. ¶ 4.) Deckers filed a Complaint against Does 1-55 d/b/a the alias identified on "Schedule A" attached to Deckers' Complaint, alleging Federal Trademark Infringement and Counterfeiting (Count I), False Designation of Origin (Count II), Cyberpiracy (Count III), and violation of the Illinois Uniform Trade Practices Act (Count IV) relating to its UGG Trademark. For each Defendant, Deckers has identified a domain name, a registrant name, registrant address, and registrant email. All of the Defendants' registrant addresses are located in China. (*See id.*) On January 3, 2011, Deckers filed an *ex parte* Application for Entry of a (1) Temporary Restraining Order and Preliminary Injunction ("TRO"), (2) Domain Name Transfer Order, (3) Asset Restraining Order, (4) Expedited Discovery

Order, and (5) Service of Process by Email Order. The Court granted the TRO on February 3, 2011 (Dkt. No. 26) and converted the TRO into a preliminary injunction on March 8, 2011 (Dkt. No. 37). The Defendants were served with the Complaint via e-mail on or about February 23, 2011; and 50 of the 55 Defendant domain names were redirected to a copy of the Complaint and TRO on February 25, 2011. (*See* Dkt. No. 31, 3/1/11 Decl. of Justin Gaudio at ¶¶ 3-4.) None of the Defendants has entered an appearance or otherwise defended this action. Before the Court is Deckers' Motion for Entry of Default and for Entry of Default Judgment pursuant to Fed. R. Civ. P. 55(b)(2).

The Seventh Circuit's recent decision in *be2 LLC et al. v. Ivanov*, --- F.3d ---, 2011 WL 1565490, *1 (7th Cir. Apr. 27, 2011) (*be2 LLC*), brings into question whether the Court can assert personal jurisdiction over Defendants. In *be2 LLC*, the Seventh Circuit considered whether, based on a defendant's Internet activity, there is personal jurisdiction in Illinois over the defendant for claims arising from that activity. *Id.* at *1. be2 LLC, an online matchmaking service, sued Nikolay Ivanov, a resident of New Jersey, for trademark infringement. be2 LLC asserted claims, similar to those asserted by Deckers here, arising under the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a), federal common law, and the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1-7. be2 LLC alleged that Ivanov, the co-founder and CEO of be2.net, "moved his matchmaking service to the website be2.net, deliberately choosing to use an existing domain name address and design that were 'confusingly similar' to be2.com 'with the intention of misleading consumers.'" *be2 LLC*, 2011 WL 1565490, at *2.

Ivanov failed to appear before the district court; and on plaintiff's motion, the district court entered a default judgment against Ivanov pursuant to Fed. R. Civ. P. 55(b) and entered an order similar to the order proposed by Deckers in this case. *See* Dkt. No. 19, *be2 LLC et al. v. Ivanov*, No. 09-cv-1650 (N.D. Ill.). Ivanov appealed the court's judgment, arguing that the court lacked personal jurisdiction over him. The Seventh Circuit held:

> Courts should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is 'interactive.' Beyond simply operating an interactive website that is accessible from the forum state, a defendant must in some way *target* the forum state's market. If the defendant merely operates a website, even a 'highly interactive' website, that is accessible from, but does not target, the forum state, then the defendant may not be haled into court in that state without offending the Constitution.

*Id.* at *4. The record consisted of an Internet printout submitted by be2 Holding showing that 20 persons who listed Illinois addresses had created free dating profiles in b2.net. *Id.* The court held that the record did not "show that Ivanov deliberately targeted or exploited the Illinois Market." *Id.*

In the instant case, Deckers has not submitted any evidence relating to personal jurisdiction. The evidence submitted by Deckers to date relates to Deckers' burden of showing that the UGG Trademark is a highly distinctive mark and that Defendants, through their websites, are selling counterfeit products that infringe on Deckers' trademark. (*See* Dkt. No. 15, 16.) In its Complaint, Deckers alleges that the Court "may properly exercise personal jurisdiction over Defendants since all Defendants directly target business activities towards consumers in Illinois and cause harm to Deckers within

3

this Judicial District through at least the fully interactive Internet websites operating under the domain names identified in Schedule A attached hereto." (Compl. ¶ 2.) However, as set out above, beyond operating their interactive websites, *be2 LLC* requires that the Defendants must target Illinois in some way.

To enter a default judgment against one or more of the Defendants, the Court must have personal jurisdiction. *Relational, LLC v. Hodges*, 627 F.3d 668, 671 (7th Cir. 2010).

## CONCLUSION

For the reasons discussed above, Deckers' Motion for Entry of Default and for Entry of Default Judgment pursuant to Fed. R. Civ. P. 55(b)(2) is denied without prejudice. Deckers may submit evidence that demonstrates that the Court has personal jurisdiction over one or more of the Defendants consistent with the standard set forth in *be2 LLC et al. v. Ivanov*, --- F.3d ---, 2011 WL 1565490, *1 (7th Cir. Apr. 27, 2011).

Date: 5-24-11

JOHN W. DARRAH
United States District Court Judge

4